# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. 1:19CR27 AW/GRJ |
| -vs- | ) | |
| JAMES FARRELL WILKERSON, | ) | |
| Defendant. | ) | |

## DEFENDANT WILKERSON'S SENTENCING MEMORANDUM

Defendant, James Farrell Wilkerson, by his counsel, files herewith his Sentencing Memorandum for the Court's consideration before Defendant's sentencing on October 27, 2020. Counsel will address the unsettled objections to the Presentence Report of September 22, 2020, then the offense conduct and characteristics of Defendant.

**Unresolved Issues from the Presentence Report**:

1. ***Factual disputes***. James Wilkerson has filed objections and supplemental objections to the Presentence Report. At this writing, Defendant has not received any response from the Government on the Presentence Report, so Defendant does not address any objections the Government may have, if any. Except for the matters in Defendant's supplemental objections concerning application of the Armed Career Criminal Act, Defendant's objections are disputes of the factual assertions in the specifically referenced PSR paragraphs. None of the factual disputes affect the sentencing guideline calculations. However, the factual errors portray Defendant in a harsh, callous manner and therefore, could color the Court's perception of the severity of Defendant's criminal history as a reflection of his personal traits. For example, in Defendant's

youthful offenses of aggravated battery and robbery with a firearm, it was conclusively established that the co-defendants in those cases possessed the firearms, not Defendant. *See*, ¶¶ 31, 32, pages 7 and 8 of the PSR. The claim that Defendant stole and damaged a motor vehicle, ¶44, page 12 of the PSR, was nothing more than a domestic dispute with the mother of one of Defendant's children over Defendant's use of her car.

2. ***Armed Career Criminal Act.*** The PSR applies an enhancement of Defendant's offense level for an armed career criminal. ¶25, pages 5, 6 of the PSR. In Defendant's supplemental objections, he erroneously referenced ¶8, at pages 5, 6 of the PSR and now corrects that error. Paragraph 25 sets forth the three convictions as Aggravated Assault, Robbery with a Firearm and Trafficking in Cocaine. The trafficking in cocaine conviction was a Georgia conviction under *Ga. Stat.* §16-13-31.

The Georgia trafficking statute cannot be used to enhance Defendant's sentence as an Armed Career Criminal because it is not a serious drug offense as the term is defined in 18 *USC* §924(e)(2)(A)(ii). Under the categorical approach to analyzing the Georgia trafficking statute, the statute is not divisible, but proscribes six (6) methods of committing the offense. *See, U.S. v. Conage*, ___ U.S. ___, No.17-13975, p.11 (11th CIR 2020); *Cintron v. U.S. Atty. Gen.*, 882 F.3d 1380 (11th CIR 2018).

One of the methods of violating the Georgia trafficking statute is to ". . . bring into this State" 28 grams or more of cocaine. This method can be accomplished without any possession of the cocaine by an accused. *Conage* instructs that to meet the serious drug offense definition of the ACCA, the offense conduct must involve manufacture, distribution or possession with intent to manufacture or distribute of the controlled substance, citing *Shular v. U.S.,* ___ U.S. ___, 140 S.Ct.

2

779, 782 (2020). *Conage*, p.9. But to rise to prohibited conduct involving manufacture, distribution, possession with intent to manufacture, there must be present some element of possession. Hence, the certified question of *Conage* to the Florida Supreme Court – does "purchase" require possession? The *Conage* court took notice of the similarity of the Georgia drug trafficking statute to its Florida counterpart as the statutes relate to requiring possession by reiterating its language in *U.S. v. James*, 430 F.3d 1150 (11th CIR 2005):

> "On that score, we noted that like Georgia, Florida's drug trafficking statute requires that 'the defendant must be in possession of a significant quantity of drugs, namely 28 grams, before the state deems the offense to be trafficking,' *id.* at 1155, and that 'Florida's drug trafficking statute [] "infers an intent to distribute once a defendant possesses a certain amount of drugs."'" *Id.* at 1154. *Conage*, page 17 (the internal citations are to *James, supra*).

The method of trafficking encompassed by "brings into this State" can be accomplished without any possession. For example, a person has 28 grams of cocaine in Florida and wants to transfer it to a location in Georgia. He sends the cocaine by UPS to a "dead" drop or known address where he can collect it later when he gets to Georgia. Under these facts, the person caused the cocaine to be brought into Georgia, but never had any possession of the cocaine in Georgia. Thus "brings into this State" does not qualify as a serious drug offense. As stated in *Conage*, "If even one method of sustaining a drug trafficking conviction does not qualify as a serious drug offense, then the entire statute is disqualified as a predicate conviction for ACCA purposes." *Conage*, page 11.

**Offense Conduct:**

The Court has had the advantage of hearing all of the evidence at trial and therefore Defendant will not dwell on the offense conduct discussion except to add a brief commentary that the Court may want to consider. Defendant's conduct was very minimal in rising to possession of a firearm by a felon. The occurrence of the possession event was de minimis. The firearm was found under a trash pile. Defendant had no time to conceal the gun before being confronted by officers. He was homeless and transient and if desiring to possess a firearm surely would have concealed it on his person, not in a vacant city lot transited by others day-in and day-out. The possession event was certainly consistent with the inference that the possession was without plans for future use or to employ as a device in other crimes.

**Personal History and Characteristics:**

James Farrell Wilkerson will be 44 years old on his sentencing date. His youth was miserable. Beaten by an abusive stepfather, worked like a migrant worker on a farm around Citra, Florida, not encouraged in school, he was a failure there. He left school for good in the ninth grade and never completed any formal education. Defendant reports using drugs intermittently since age 12 or 13, but apparently is not addicted to any form of drugs.

Against the backdrop of this troubled youth, Defendant was convicted of aggravated assault at age 18 and robbery with a firearm at age 21. Twenty-three years post this latter conviction, Defendant is still suffering the consequences (punishment) of these events as both convictions are used in the ACCA calculus of his sentence despite the fact that neither can be counted in his criminal history category determination. If Defendant is enhanced under the ACCA, he will again suffer retribution for these crimes committed at a very early age. The probation officer offers that

the Court may want to depart upward from any sentence guideline even if enhanced under the ACCA.  Without the ACCA enhancement, Defendant's guideline calculation is offense level 24, criminal history category III, and a sentence range of 63-78 months.  These calculations are rightly based on *countable convictions*, not arrests.  The PSR reports 13 arrests of the Defendant, but four, ¶¶ 32, 33, 36, 41, offer no verifiable circumstances; one arrest is for the instant case, ¶39; in four of the remaining eight arrests, Defendant was convicted and served his sentences according to law. Defendant then suggests his criminal history category does not substantially under-represent his criminal history.

**Conclusion.**  If the Court finds the Defendant cannot be enhanced under the ACCA, Defendant requests a sentence within the guideline range without consideration of the ACCA, 63-78 months imprisonment.  If the Court finds the Government is entitled to enhance Defendant's sentence under ACCA, Defendant requests a term of the mandatory minimum sentence, 180 months.

/s/Anderson E. Hatfield
**ANDERSON E. HATFIELD**
**Attorney for Defendant**
**Post Office Box 2085**
**Keystone Heights, FL   32656**
**(352)-377-5704**
**Florida Bar No. 142398**
**hatlaw1@gmail.com**
**reneeehat@gmail.com**

**CERTIFICATE OF WORD COUNT**

I certify the word count of this Memorandum is 1,375.

/s/Anderson E. Hatfield
**ANDERSON E. HATFIELD**
**Attorney for Defendant**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that true and correct copies of the foregoing have been furnished by electronic mailing to Christopher M. Elsey, Assistant U. S. Attorney, christopher.elsey@usdoj.gov, this 19th day of October, 2020.

    /s/Anderson E. Hatfield
**ANDERSON E. HATFIELD**
**Attorney for Defendant**