**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA GAINESVILLE DIVISION**

**UNITED STATES OF AMERICA**

**v.** **Case No. 1:19-cr-27-AW-MAL**
**1:23-cv-208-AW-MAL**

**JAMES FARRELL WILKERSON,**

**Defendant.**

_________________________________/

## ORDER DENYING MOTION FOR § 2255 RELIEF

A jury convicted James Farrell Wilkerson of possessing a firearm and ammunition as a convicted felon. The court sentenced Wilkerson as an armed career criminal, and the Eleventh Circuit affirmed the conviction and sentence. Wilkerson then filed a counseled § 2255 motion. The magistrate judge issued a thorough report and recommendation concluding the court should deny the motion. ECF No. 140. Wilkerson filed objections, ECF No. 142, and I have considered de novo the issues he raised. After carefully considering the matter, I agree with the magistrate judge. Wilkerson's motion will therefore be denied.

Wilkerson's first ground is that his trial counsel (Anderson Hatfield) was ineffective for not presenting evidence that the officers involved were trying to frame him based on his refusal to cooperate with a murder investigation. I agree with the magistrate judge that Wilkerson has not shown that no reasonable attorney would have focused on the defense Hatfield presented rather than what Wilkerson now

suggests would have been better. I also agree that Wilkerson has not met his burden of showing prejudice. Therefore, the first ground fails.[1]

In his second ground, Wilkerson argues Hatfield interfered with his right to testify based on his providing incorrect advice. As the magistrate judge shows, the advice Wilkerson's petition says was incorrect was not incorrect. Had Wilkerson testified, the court would have permitted cross examination not only on the number of convictions but also their nature. (I know this because I was the trial judge.) At any rate, Wilkerson has not shown ineffectiveness or prejudice as to this ground.

Finally, Wilkerson argues in his third ground that certain arguments not made at sentencing could have led to a lower sentence. The magistrate judge correctly rejects this claim as well. The magistrate judge notes that "it is unlikely Wilkerson's sentence would have been less had Attorney Hatfield made the arguments that

---

[1] As the magistrate judge notes, there is an apparent conflict about whether Wilkerson told Hatfield about the basis for his "theory of innocence." ECF No. 140 at 13. In his objections, Wilkerson insists this shows the need for an evidentiary hearing. ECF No. 142 at 4. But the magistrate judge correctly notes we need not resolve the conflict because even assuming Hatfield knew of Wilkerson's theory, Wilkerson has not shown Hatfield was ineffective for not pursuing it. ECF No. 140 at 13. The court need not hold an evidentiary hearing to resolve an irrelevant factual dispute. *Cf. Harrington v. Richter*, 562 U.S. 86, 110 (2011) (noting that *Strickland* "calls for an inquiry into the objective reasonableness of counsel's performance, not counsel's subjective state of mind"). Finally, Wilkerson's objections say "[a] hearing is particularly appropriate because the Government itself supplied counsel's unsworn email as evidence of his reasoning." ECF No. 142 at 5. The government did file an email from Hatfield, ECF No. 135-2, but I have not relied on it in any way in deciding to deny Wilkerson's motion.

Wilkerson suggests." ECF No. 140 at 21. And as the judge who imposed the sentence, I can state unequivocally that the sentence would not have been less.

I now adopt the report and recommendation and incorporate it into this order. The clerk will issue a judgment that says, "The § 2255 motion is denied on the merits." A certificate of appealability is DENIED. The clerk will close the file.

SO ORDERED on September 2, 2026.

s/ *Allen Winsor*
Chief United States District Judge